# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALI IBN AL-ISLAM ABD-ALI, also known as AARON SLOAN, Plaintiff, | ) ) ) ) ) | C.A. No. 16-1643 Pittsburgh |
| v. | ) ) | Magistrate Judge Richard A. Lanzillo District Judge Susan Paradise Baxter |
| CHAPLAIN SIBANDA, et al, Defendants. | ) ) | |

## MEMORANDUM ORDER

This prisoner civil rights action was received by the Clerk of Court on October 31, 2016, and was referred to the undersigned, then a United States Magistrate Judge, for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. On March 12, 2018, Defendants filed a motion for summary judgment [ECF No. 42], to which Plaintiff filed a response [ECF Nos. 51].

On September 14, 2018, the undersigned was sworn in as a United States District Judge. This action was reassigned to the undersigned, as presiding judge, on September 17, 2018, and was subsequently assigned to United States Magistrate Judge Richard A. Lanzillo for all pretrial proceedings on September 27, 2018.

On November 2, 2018, Judge Lanzillo issued a Magistrate Judge's Report and Recommendation ("R&R") recommending that Defendants' motion for summary judgment be granted with respect to Plaintiff's RLUIPA claims and his First Amendment claims that Defendants' impermissibly restricted his participation in Eid feasts ("Eid claims"), but denied with respect to Plaintiff's First Amendment claim that Defendants impeded his ability to fast

1

during Ramadan ("Ramadan claim"). [ECF No. 60]. Judge Lanzillo further recommended that Defendants Muhammad, Mayer, and Kalist be dismissed from this action for their lack of personal involvement.

On November 16, 2018, Defendants filed objections to the R&R [ECF No. 61] challenging Judge Lanzillo's recommendation to deny them summary judgment as to Plaintiff's Ramadan claim. Plaintiff subsequently filed his own objections to the R&R [ECF No. 62] objecting to Judge Lanzillo's recommendations to grant Defendants summary judgment as to his Eid claims and to dismiss Defendants Kalist, Muhammad, and Mayer for lack of personal involvement. [ECF No. 62].[1] Plaintiff has also filed a response to Defendants' objections [ECF No. 63-1]. All of these materials have been reviewed on a *de novo* basis by this Court.[2]

## Ramadan Claim

In recommending the denial of Defendants' motion for summary judgment as to Plaintiff's Ramadan claim, the Magistrate Judge concluded, "the record reflects that Plaintiff required an accommodation not provided on the Intent to Fast form before he could participate in the Ramadan fast, an event of extreme significance to Muslims. By impeding his access to the appropriate forms to make that request, a reasonable jury could conclude that Defendants intentionally interfered with Plaintiff's constitutionally-protected right to freely exercise his religious beliefs." (ECF No. 60, at p. 11).

---

[1] The Court notes that Plaintiff has not objected to Judge Lanzillo's recommendation to dismiss Plaintiff's RLUIPA claims and such recommendation will, thus, be adopted without further comment.

[2] When objections are filed to a Magistrate Judge's Report and Recommendation, we review *de novo* the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(c). The Court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Id.

Defendants object to this conclusion, arguing that "Plaintiff retained the ability (and the right) to participate in a fast, regardless of what forms he had or did not have, if he had so chosen." (ECF No. 61, at ¶ 12). In particular, Defendants note that Plaintiff continued to receive his therapeutic diet during Ramadan and "could have, if he wished, participated in the fast, if he so chose" by "waiting to consume his meals until after sunset or before sunrise." (ECF No. 61, at ¶¶ 8, 10). However, this argument was never presented to the Magistrate Judge in the first instance and has been raised for the first time here on objection. "'Generally, arguments raised for the first time in objections to a Magistrate Judge's' ruling are deemed waived." A.G. Cullen Const., Inc. v. Travelers Cas. and Sur. Co. of America, 2010 WL 1992559, at *2 (W.D.Pa. May 17, 2010), quoting Ingraham v. Liberty Mut. Ins. Co., 2008 WL 2812141 (W.D.Pa. July 21, 2008). See also Murr v. U.S., 200 F.3d 895, 902 n.1 (6th Cir. 2000) (collecting cases and noting that "absent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate"). Because this argument was not presented to Judge Lanzillo in the first instance, it is deemed waived.[3]

Having no other grounds upon which to overturn the well-reasoned findings of the Magistrate Judge, the Court will adopt Judge Lanzillo's recommendation to deny Defendants' motion for summary judgment on this claim.

**Eid Claims**

In their motion for summary judgment, Defendants raise two grounds in opposition to

---

[3] Even if this argument had been raised, it would be unavailing. In particular, Defendants' argument that Plaintiff could have chosen to fast of his own will "regardless of what forms he had or did not have," directly contradicts the DOC's policy requiring a signed Intent to Fast form to allow participation in the fast, and is counter to their original argument that "Plaintiff would have needed to sign a DC-462 Release from Responsibility for Medical Treatment form to validate his wanting to fast in his cell." (ECF No. 43, at p. 4). Defendants cannot have it both ways and their attempt to do so is unfounded.

3

Plaintiff's First Amendment claims that Defendants obstructed his ability to participate in the 2016 Eid feasts: (1) DOC policy DC-ADM 819 prohibits inmates in disciplinary custody from participating in ceremonial meals, and (2) Plaintiff failed to exhaust his administrative remedies as to such claims. In his R&R, Judge Lanzillo found the first argument dispositive, concluding that, "regardless of whether Defendants interfered with his cash slips, prison policy restricted Plaintiff from participating in the Eid feasts because of his disciplinary status." (ECF No. 60, at p. 12).

Plaintiff objects to this finding, arguing, *inter alia*, that "prison regulations clearly stated that DC status prisoners can receive the Eid feast – with the only difference being that a DC status prisoners' Eid feasts 'are to be brought to the inmate's cell…'" (ECF No. 62, at p. 3). In support of this argument, Plaintiff cites Exhibit B attached to his response to Defendants' motion for summary judgment [ECF No. 51], which contains a page from what appears to be a prison policy or regulation stating that DC inmates who "identify with the broad Muslim faith, who successfully complete the Ramadan fast" may participate in the Eid al-Fitr Meal by ordering appropriate Optional Menu items that would "be brought to the inmate's cell in addition to their regular meal tray." (ECF No. 51-2, at p. 12). Although this policy or regulation is not specifically identified, it appears to be consistent in form and content with a typical DOC policy and, more importantly, is not inconsistent with DC-ADM 819, which merely prohibits DC inmates from "attending" ceremonial meals. At the very least, the presence of this "policy" in the evidentiary record raises a genuine issue of material fact as to whether DC inmates were, in fact, precluded from participated in the Eid feasts, as the Magistrate Judge concluded. Thus, the Court declines

to adopt the Magistrate's Judge's finding in this regard.[4]

Nonetheless, the Court alternatively concludes that Defendants are entitled to summary judgment on Plaintiff's Eid claims based upon Plaintiff's failure to exhaust administrative remedies. The record discloses that Plaintiff filed two grievances concerning his Eid claims: (1) Grievance No. 633955, regarding Defendants' alleged obstruction of his participation in the 2016 Eid al-Fitr feast (ECF No. 56-6, at p. 6), and (2) Grievance No. 644973, regarding Defendants' alleged obstruction of his participation in the 2016 Eid al-Adhaa feast (ECF No. 56-8, at pp. 2-3). Defendants have submitted the Declaration of Keri Moore, Assistant Chief Grievance Officer in the DOC Secretary's Office of Inmate Grievances and Appeals, who declares that Plaintiff did not appeal either grievance to final review. (ECF No. 44-5, at ¶¶ 11-12). In his response to Defendants' motion for summary judgment, Plaintiff does not deny that his administrative remedies were not exhausted on these grievances; rather, he argues that (1) he did not receive an initial review response to Grievance No. 644973 and, thus, should be excused from exhausting his administrative remedies as to this grievance, and (2) "any attempt(s) to pursue claims about the Eid's through administrative remedies would have been futile for they are dead end [sic] with prison officials doing everything possible to deny Plaintiff's claims and

---

[4] The Court recognizes that the Magistrate Judge alternatively concluded that summary judgment is appropriate because Plaintiff has failed to submit any evidence to support his allegation that Defendants Sibanda and Muhammad conspired to deny his participation in the Eid feasts as required by Fed.R.Civ.P. 56; however, this conclusion is unwarranted. As the Supreme Court has recognized, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). This Defendants have not done. Instead, Defendants have rested solely on the allegedly preclusive effect of DC-ADM 819 and/or Plaintiff's failure to exhaust administrative remedies, without addressing the merits of Plaintiff's allegations pertaining to this claim. Thus, Plaintiff had no cause to produce evidence to raise a genuine issue of material fact for trial on this claim. That being said, it is noteworthy that the record does contain evidence that Plaintiff was precluded from participating in both Eid feasts in 2016 based on his alleged failure to timely submit a cash slip for each (See, ECF Nos. 56-6 at pp. 7 and 13), not his disciplinary custody status.

requests for relief." (ECF No. 51, at pp. 10-11). Both of these arguments are unavailing.

Taking the second argument first, it is well-settled that there is no "futility" exception to the administrative exhaustion requirement. Ahmed v. Dragovich, 297 F.3d 201, 206 (3d Cir. 2002), citing Nyhuis v. Reno, 204 F.3d 65, 78 (3d Cir. 2000). As to the Plaintiff's first argument, the Third Circuit has recognized a "reluctance to invoke equitable reasons to excuse [an inmate's] failure to exhaust as the [PLRA] requires." Davis v. Warman, 49 Fed. Appx. 365, 368 (3d Cir. 2002). Thus, an inmate's failure to exhaust will only be excused "under certain limited circumstances," Harris v. Armstrong, 149 Fed. Appx. 58, 59 (3d Cir. 2005), and an inmate can defeat a claim of failure to exhaust only by showing "he was misled or that there was some extraordinary reason he was prevented from complying with the statutory mandate." Davis, 49 Fed. Appx. at 368.

In Robinson v. Superintendent Rockview SCI, 831 F.3d 148 (3d Cir. 2016), the Third Circuit concluded that the institution in that case "rendered its administrative remedies unavailable to [an inmate] when it failed to timely (by its own procedural rules) respond to his grievance and then repeatedly ignored his follow-up requests for a decision on his claim." Id. at 154. Significantly, in Robinson, the plaintiff sent the first of three separate requests for an update on the status of his grievance, all of which were ignored by the institution. Only after the third such request went unanswered did the plaintiff proceed with filing a lawsuit, nearly three months after the initial response to his grievance was due. Based on this egregious set of facts, the Third Circuit Court determined that Plaintiff's administrative remedies were rendered unavailable. Such is not the case here.

In this case, the record indicates that a timely initial review response to Grievance No.

644973 was, in fact, issued on October 5, 2016. (ECF No. 56-6, at p. 13). Plaintiff simply claims that he did not receive a copy of the response "until December 14, 2017, as part of a response to a discovery request" in this case. Plaintiff apparently made no effort to ascertain the status of the response before filing the within lawsuit. Certainly, Plaintiff has not asserted or provided any evidence that he did so. Thus, there is no evidence that Plaintiff's administrative remedies were ever rendered unavailable prior to his filing of the instant lawsuit. Instead, Plaintiff is simply attempting to rest upon his assertion that he did not receive a timely response to excuse his failure to exhaust his administrative remedies. This he cannot do. Consequently, the Court finds that Plaintiff never exhausted his administrative remedies as to his Eid claims before filing suit in this case, and summary judgment will be granted in favor of Defendants on this basis.

**Defendants Kalist, Muhammad, and Mayer**

In his R&R, Judge Lanzillo concluded that Defendants Kalist, Muhammad, and Mayer should be dismissed from this case for their lack of personal involvement. Though Plaintiff has raised objections to this conclusion, the Court finds that such objections provide insufficient grounds upon which to not accept Judge Lanzillo's recommendation in this regard.

AND NOW, this 17th day of January, 2019;

IT IS HEREBY ORDERED that Defendants' motion for summary judgment [ECF No. 42] is DENIED as to Plaintiff's First Amendment claim that Defendants impeded his ability to fast during Ramadan in 2016, and is GRANTED as to all other claims. IT IS FURTHER ORDERED that Defendants Kalist, Muhammad and Mayer are DISMISSED from this case and the Clerk is directed to terminate them. The report and recommendation of Magistrate Judge Lanzillo, issued November 2, 2018 [ECF No. 60], is adopted as the opinion of the court, as

modified herein.

                                                                                                     SUSAN PARADISE BAXTER
                                                                                                     United States District Judge

cc:       The Honorable Richard A. Lanzillo
           United States Magistrate Judge