IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALI IBN AL-ISLAM ABD-ALI, | ) | |
| Plaintiff, | ) | C.A. No. 16-1643 Pittsburgh |
| | ) | |
| v. | ) | |
| | ) | District Judge Susan Paradise Baxter |
| CHAPLAIN SIBANDA, et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

On January 17, 2019, this Court entered an Order granting Defendants summary judgment as to Plaintiff's Eid Feast claims for failure to exhaust administrative remedies, and dismissing Defendants Muhammad, Mayer, and Kalist for their lack of personal involvement [ECF No. 65].[1] Presently before the Court is Plaintiff's motion for certificate of finality [ECF No. 83] requesting an order certifying the foregoing determinations as final for purposes of an immediate appeal, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

Rule 54(b) provides that, when an action presents more than one claim for relief, "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). This rule is designed "to strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties." Berckeley Inv. Grp., Ltd. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006). "Courts consider the following factors in evaluating a request for certification pursuant to Rule 54(b): 'the relationship of the adjudicated and unadjudicated claims, the possibility that the need for review might be

---

[1] In so doing, this Court adopted in part the Report and Recommendation of Magistrate Judge Richard A. Lanzillo [ECF No. 60] granting in part Defendants' motion for summary judgment [ECF No. 42].

mooted by ongoing litigation in the district court, the possibility that the Court of Appeals might be obligated to consider the same or closely related issues a second time, the presence of any claim or counterclaim which could result in a set-off against the judgment, and miscellaneous factors such as delay, judicial economy solvency, and time for trial.' Larry Pitt & Associates v. Lundy Law, LLP, 2015 WL 12806506, at *1 (E.D. Pa. 2015) (citing Waldorf v. Shuta, 143 F.3d 601, 609 (3d Cir. 1998) (internal citations omitted))." Marinkovic v. Battaglia, 2017 WL 3671243, at *4 (W.D. Pa. Aug. 25, 2017).

Similarly, 28 U.S.C. § 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Id. Under both rules, the trial court's decision to permit the appeal of non-final orders of court is entirely discretionary. See Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 8 (1980) (observing that Rule 54(b) relies on "the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal."); Bachowsky v. Usery, 545 F.2d 363, 368 (3d Cir. 1976) (noting that certification pursuant to 28 U.S.C. § 1292(b) "is wholly within the discretion of the courts").

Because piecemeal litigation is generally disfavored, certification under Rule 54(b) should only be granted in unusual cases where failing to allow an immediate appeal would create some hardship or injustice, or where allowing the appeal would increase judicial efficiency. Here, Plaintiff argues that the delay of appealing the Court's non-final order until after trial of the remaining claims would be unjust and carry the risk of "an expensive, duplicative trial" if the appeals court later ends up overturning the Court's non-final summary judgment order (ECF No.

84, at p. 3). However, such circumstances are present in all cases in which fewer than all claims are dismissed pre-trial and, thus, fail to establish hardship or injustice. Moreover, because the trial of the remaining claims in this case is scheduled for October 1, 2019, an immediate appeal of the Court's non-final order would do more to impede, rather than increase, judicial efficiency.

Section 1292(b) does not warrant a different result. Certification pursuant to Section 1292(b) should only be used "sparingly and in exceptional circumstances." Burella v. City of Phila., 2010 WL 235110, at *4 (E.D. Pa. 2014). Courts are admonished not to "certify questions of relatively clear law merely because the losing party disagrees with the court's analysis." In re Chocolate Confectionary Antitrust Litig., 607 F.Supp.2d 701, 706 (M.D. Pa. 2009). Such is the case here. Despite Plaintiff's objections to the contrary, the Court's finding that Plaintiff failed to exhaust his administrative remedies as to his Eid Feast claims is adequately supported by this Circuit's judicial precedent, as well as the facts of this case, as discussed in this Court's Order dated January 17, 2019 (ECF No. 65, at pp. 6-7). The same is true of the Court's dismissal of Defendants Muhammad, Mayer, and Kalist, based on their lack of personal involvement. Thus, there is no substantial ground for difference of opinion that might justify invocation of Section 1292(b).

AND NOW, THEREFORE, this 16th day of July, 2019,

IT IS HEREBY ORDERED that Plaintiff's motion for certificate of finality [ECF NO. 83] is DENIED.

_____
SUSAN PARADISE BAXTER
United States District Judge